IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 3:13-CR-58 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| ASHLEY JUDD | ) | |

---

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 3:13-CR-63 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| ARNOLD RALENKOTTER | ) | |

---

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 3:13-CR-68 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| JAMES S. STINNETT | ) | |

---

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 3:13-CR-69 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| HOLLY RADFORD | ) | |

---

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 3:13-CR-70 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| KEVIN CLARK | ) | |

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:13-CR-77 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| MICHAEL SCOTT FENWICK | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:13-CR-78 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| JANET WELCH | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:13-CR-173 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| CHRISTOPHER W. ANDREWS | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:13-CR-174 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| BRIAN MOSHER | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:13-CR-175 |
| | ) | Judge Collier |
| v. | ) | Magistrate Judge Guyton |
| | ) | |
| LEXIE HOLDEN | ) | |

**AGREED PROTECTIVE ORDER**

Upon consideration of the government's motion for the entry of an Agreed Protective Order and for good cause shown, pursuant to Federal Rule of Criminal Procedure 16(d):

IT IS HEREBY ORDERED THAT:

1. All material disclosed by the government to defense counsel in the above-captioned criminal cases is deemed sensitive ("Sensitive Protected Information") except to the extent otherwise ordered or agreed to in accordance with paragraph 5 below.

2. The use and disclosure of Sensitive Protected Information produced to defense counsel in this case shall be subject to the following restrictions:

    (a) Defense counsel may make such use of Sensitive Protected Information produced by the government in this case only as is directly related to defending their clients in the above-captioned criminal cases (hereinafter collectively referred to as the "Defense of these Criminal Cases"), including the disclosure of the material to the defendants and other persons in defense counsel's employment (including those engaged by or through defense counsel) who are assisting counsel in the Defense of these Criminal Cases. Any counsel, defendant, or other person to whom disclosure is made pursuant to this paragraph may not use, disclose to a third party, or display to a third party Sensitive Protected Information for any purpose other than for use in the Defense of these Criminal Cases.

    (b) All persons to whom Sensitive Protected Information is disclosed pursuant to this order shall be bound by this order. Defense counsel shall advise any person to whom a copy of Sensitive Protected Information is shown for the purpose of the Defense of these Criminal Cases as to the existence of this Protective Order and shall subsequently memorialize that the individual had been so advised. In addition, for each person to whom a copy of Sensitive Protected Information is given for that person to retain for the purpose of the Defense of these

Criminal Cases, defense counsel shall obtain and maintain from every such person at the time of production of the copy the following written statement:

> "I acknowledge that discovery materials deemed Sensitive Protected Information have been provided to me for the purpose of assisting in the defense in *[applicable case caption above]*, and for use during sentencing proceedings in that criminal case. I have read the Order of the Court dated *[date of entry of this Order]* permitting such disclosure to me, and agree as directed in the Order that I will use these discovery materials only in connection with the defense in *[applicable case caption above]*, and for use during sentencing proceedings in that criminal case, and will not otherwise disclose or display the discovery materials or information contained in the discovery materials to any third party. I acknowledge that violation of the Court's Order may result in penalties for contempt of court."

(c) The records and signed written statements maintained by defense counsel in accordance with paragraph 2(b) of this Protective Order shall not be disclosed to the government or any third party, but may be examined *in camera* and *ex parte* by the Court in connection with a proceeding to enforce this protective order.

(d) Nothing in this paragraph limits the use that the defense may make of any materials produced as discovery by the government in court during sentencing proceedings in the above-captioned criminal cases consistent with the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and any other applicable law or rule. Sensitive Protected Information must be filed under seal or redacted when included with a submission to the Court, subject to the provisions in paragraph 5 below.

3. This Order shall in no way be construed to limit or prevent the production, use, or disclosure of any document or information produced in discovery that the receiving party, at the time of production, already lawfully possessed and had previously obtained through separate lawful means.

4. The defendants shall have no ownership or propriety interest in the materials subject to this Agreed Protective Order. However, defense counsel may have ethical obligations that demand the retention of Sensitive Protected Information subject to this Order beyond the resolution of this matter. Accordingly, at the conclusion of this criminal proceeding, including the exhaustion of any appeals and/or collateral proceedings, defense counsel shall return to the government all Sensitive Protected Information, including any copies provided to any person pursuant to paragraph 2(b) above, that defense counsel concludes is no longer subject to a professional, ethics-based retention obligation. In the event defense counsel concludes that an ethical obligation demands the retention of any material subject to this Order beyond the conclusion of this criminal proceeding, including the exhaustion of any appeals and/or collateral proceedings, defense counsel shall safeguard from disclosure any such materials to any persons outside the employment of defense counsel unless otherwise required by the Tennessee Rules of Professional Responsibility or another licensing authority governing the professional conduct of defense counsel. Once defense counsel determines that any such retained materials are no longer needed, any such retained materials, and all copies thereof, including any copies provided to any person pursuant to paragraph 2(b) above, shall be returned to the government.

5. Any document protected by this order may lose its status as Sensitive Protected information by agreement amongst defense counsel and the government. More specifically (but without limiting the scope of this paragraph), the government agrees that with respect to government-produced discovery material that is documents obtained from Pilot Travel Centers LLC and/or the Special Committee of the Pilot Board of Managers that appear to relate to diesel fuel discount practices at Pilot Travel Centers LLC, upon request by defense counsel and identification of the documents at issue, the government agrees not to object to the re-designation

of any such identified documents as non-Sensitive Protected Information, unless (a) such re-designation could affect the government's criminal investigation or (b) Pilot Travel Centers LLC maintains to the government and the government agrees that the documents at issue constitute confidential proprietary business information.  If counsel for the government refuses to concur in any request by defense counsel under this paragraph, defense counsel may seek relief from the Court.

6. The government's motion in each of the above-captioned criminal cases is **GRANTED**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**

**[Signatures continue on next page.]**

So stipulated:

**ATTORNEYS FOR THE UNITED STATES OF AMERICA**

*s/ Francis M. Hamilton III*
Francis M. Hamilton III
David P. Lewen, Jr.
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Telephone: (865) 545-4167

**THE McKELLAR LAW FIRM, PLLC**

*s/ Norman D. McKellar (with permission)*
Norman D. McKellar
Counsel for Ashley Judd
The McKellar Law Firm, PLLC
625 Market Street, 7th Floor
Knoxville, TN 37902
Telephone: (865) 566-0125

**BONE McALLESTER NORTON PLLC**

*s/ Edward M. Yarbrough (with permission)*
Edward M. Yarbrough
Counsel for Arnold Ralenkotter
Bone McAllester Norton PLLC
511 Union Street, Ste. 1600
Nashville, TN 37219
Telephone: (615) 238-6390

**LOGAN-THOMPSON, P.C**.

*s/ James Logan (with permission)*
James Logan
Counsel for James S. Stinnett
Logan-Thompson, P.C.
Attorneys at Law
30 - 2nd Street, NW
P.O. Box 191
Cleveland, TN 37364-0191
Telephone: (423) 476-2251

**LAW OFFICE OF LESLIE CORY**

*s/Leslie Cory (with persmission)*___
Leslie Cory
Counsel for James S. Stinnett
Law Office of Leslie Cory
Post Office Box 11320
Chattanooga, TN 37401
Telephone: (423) 756-9242

**THE GARZA LAW FIRM, PLLC**

*s/ Marcos M. Garza (with permission)*
Marcos M. Garza
Counsel for Holly Radford
The Garza Law Firm, PLLC
550 Main Street, Ste. 340
Knoxville, TN 37902
Telephone: (865) 540-8300

**KUTAK ROCK LLP**

*s/ Edward M. Fox II (with permission)*
Edward M. Fox II
Counsel for Kevin Clark
1650 Farnam Street
The Omaha Building
Omaha, NE 68102-2186
Telephone: (402) 231-8760

**THE LAW OFFICE OF RANDALL E. REAGAN**

*s/ Randall E. Reagan (with permission)*
Randall E. Reagan
Counsel for Michael Scott Fenwick
The Law Office of Randall E. Reagan
P.O. Box 9066
Knoxville, TN 37940
Telephone: (865) 637-8505

**STANLEY & KURTZ PLLC**

*s/ Robert R. Kurtz (with permission)*
Robert R. Kurtz
Counsel for Janet Welch
Stanley & Kurtz, PLLC
422 South Gay Street, Ste. 301
Knoxville, TN 37902
Telephone: (865) 522-9942

**MEADOWS, COLLIER, REED, COUSINS, CROUCH & UNGERMAN, L.L.P.**

*s/ Michael E. McCue (with permission)*
Michael E. McCue
Counsel for Christopher W. Andrews
Meadows, Collier, Reed, Cousins, Crouch & Ungerman, L.L.P.
901 Main Street, Ste. 3700
Dallas, Texas 75202
Telephone: (214) 744-3700

**K&L GATES LLP**

*s/ Steven M. Kowal (with permission)*
Steven M. Kowal
Counsel for Brian Mosher
K&L Gates LLP
70 West Madison Street, Ste. 3100
Chicago, IL 60602-4207
Telephone: (312) 807-4430

**LAW OFFICE OF GUY BLACKWELL**

*s/ Guy W. Blackwell (with permission)*
Guy W. Blackwell
Counsel for Lexie Holden
Law Office of Guy W. Blackwell, P.C.
138 Saylor Road
Gray, Tennessee 37615
Telephone: (423) 202-4303